E-FILED
Monday, 09 November, 2026 01:30:09 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **EVAN GOSTOWSKI,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-03271-SEM-DJQ** |
| | ) | |
| **JOSH ASSAD *et al.*,** | ) | |
| **Defendants.** | ) | |

**MERIT REVIEW ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court for screening is a Motion for Leave to File an Amended Complaint filed by Plaintiff Evan Gostowski, who resides at Packard Mental Health Center. Plaintiff has also filed a Motion for Counsel (Doc. 10).

For the reasons that follow, the Court denies Plaintiff's Motion for Leave and dismisses this case, which renders moot Plaintiff's Motion for Counsel.

## I. MERIT REVIEW STANDARD

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within

the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the complaint, the district court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. BACKGROUND

Plaintiff names Josh Assad, Judith Gostowski, and Stephen Gostowski as Defendants.

Plaintiff asserts a violation of his civil rights caused by a conspiratorial agreement between Defendants to deprive him of his

property rights to a 2016 Chevrolet Impala. Plaintiff states that he requested that the Christian County, Illinois, State's Attorney file criminal charges, but Plaintiff is not aware of any being filed. Plaintiff identifies Assad as the owner of a towing company located in Taylorville, Illinois. Plaintiff does not disclose any information regarding the remaining two Defendants.

## III. ANALYSIS

Plaintiff's account does not state a constitutional violation.

"[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767 n.13 (2005) (quoting *Linda R. S.* v. *Richard D.*, 410 U.S. 614, 619 (1973)); *see also Elizarri v. Sheriff of Cook County*, 901 F.3d 787, 789 (7th Cir. 2018) ("Failure to prosecute thieves does not violate the Constitution.").

Furthermore, "[s]ection 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). Plaintiff acknowledges that

Defendant Assad is a private business owner and the Court infers that Defendants Judith and Stephen Goskowski are family members based on their shared surname with Plaintiff.

Even if Defendants were state officials, Plaintiff would still have no plausible claim. Under the Supreme Court decisions in *Parratt v. Taylor*, 451 U.S. 527 (1981) and *Hudson v. Palmer*, 468 U.S. 517 (1984), "persons who complain about the unauthorized loss or destruction of their property must seek compensation in state court rather than under §1983. (*Parratt* dealt with negligent deprivations; *Hudson* extended its holding to intentional deprivations.)" *Lyons v. Dart*, 901 F.3d 828, 830 (7th Cir. 2018); *see also Daniels v. Williams*, 474 U.S. 327, 330 (1986) ("mere negligence could not 'wor[k] a deprivation in the *constitutional sense*.'" (quoting *Parratt*, 451 U.S. at 548.) (emphasis in original); *Hudson*, 468 U.S. at 533 (holding that the intentional, unauthorized deprivation of property does not violate the Constitution, provided that adequate remedies are available under state law). In Illinois, a detainee has an adequate remedy in the Illinois Court of Claims. *See Stewart v.*

*McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993) (citing 705 ILCS 505/8); *see also Sorrentino v. Godinez*, 777 F.3d 410, 413 (7th Cir. 2015) ("The Illinois Court of Claims has exclusive jurisdiction over suits asserting damages to property.").

The Court concludes that Plaintiff's suit fails to allege facts to establish or infer a constitutional violation. Although the Court could allow Plaintiff to file a second amended complaint, it is unnecessary when, as here, the Court finds that any amendment would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). Thus, Plaintiff's Motion for Leave to File an Amended Complaint is denied.

Accordingly, the Court dismisses Plaintiff's case under 28

U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted. With the entry of this Order, Plaintiff's Motion for Counsel is MOOT.

**IT IS THEREFORE ORDERED:**

1) **The Court DENIES Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 5). Because any further pleading amendments would be futile, the Court DISMISSES Plaintiff's case. This case is, therefore, closed. The Clerk of the Court is directed to enter a judgment under Fed. R. Civ. P. 58.**

2) **The Court's Merit Review Order renders MOOT, Plaintiff's motion for counsel (Doc. 10).**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $605 appellate filing fee irrespective of the outcome of the appeal.**

ENTERED November 9, 2026.

s/ *Colleen R. Lawless*

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE